UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY BELLAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 14-cv-9623 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| ORTHOFIX, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Timothy Bellas filed a Complaint against Defendant Orthofix, Inc. and others, in the Circuit Court of Cook County. Later, Plaintiff voluntarily dismissed his action against all defendants except Orthofix, Inc. Defendant then removed the action to federal court on the basis of diversity jurisdiction. The Complaint alleges negligence; strict liability for manufacturing defects, design defects, and failure to warn; and breaches of express and implied warranties against Defendant based on the Orthofix LRS external fixator. Defendant filed a Motion to Strike the Preliminary Expert Report of Charles Rawlings and Bar his Testimony at Trial [44]. For the reasons set forth more fully below, Defendant's Motion to Strike [44] is denied.

## BACKGROUND

On February 15, 2015, the parties attended an initial status hearing and later submitted a Rule 26(f) joint discovery plan. The discovery plan provided that Plaintiff should identify his experts and provide Rule 26(a)(2) reports by January 8, 2016, and that all discovery should close by May 20, 2016. Plaintiff did not disclose his expert witness by January 8, 2016, due to a clerical error. Plaintiff filed an Unopposed Motion for Extension and to Modify Remainder of

Joint Rule 26(f) Report Schedule, which contemplated Plaintiff's disclosure of experts and expert reports by March 30, 2016, and Defendant's disclosure of experts and expert reports by May 15, 2016. That motion was denied, with expert discovery ordered closed by May 20, 2016.

On April 21, 2016, Plaintiff's original expert witness withdrew from the case. Plaintiff's counsel spoke with multiple experts from April 25 to April 29. On April 26, 2016, Plaintiff received a fee schedule and curriculum vitae from a local expert, but that expert withdrew on April 27, 2016, half an hour before the scheduled meeting. On April 28, 2016, Plaintiff reached another expert, but that expert indicated she would be unable to complete a written report until May 20, 2016, and unable to sit for a deposition until the following week. That expert then took on another case and indicated that she would be unable to act as an expert in this case.

Plaintiff first contacted the current expert, Dr. Charles Rawlings, on May 5, 2016. Plaintiff transmitted the expert report to Defendant on May 10, 2016, and transmitted the Rule 26(a)(2) disclosures on May 16, 2016. Plaintiff told Defendant that Dr. Rawlings would be available for deposition either in person or via video on May 20, 2016. On May 20, 2016, Plaintiff filed a Motion to Allow Additional Time Due to Exigent Circumstances, asking for more time for specific expert and fact discovery, which was opposed by Defendant. The motion was denied.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(a) requires parties to provide other parties with "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a). "A party must make these disclosures at the times and in the sequence that the court orders." *Id.* The sanction of exclusion of testimony is automatic and mandatory unless

the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless. The determination of whether a Rule 26(a) violation is justified or harmless is within the broad discretion of the court. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). The following factors should be considered when assessing a Rule 26(a) violation: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *Id.*

## ANALYSIS

Defendant argues that Dr. Rawlings' expert report should be struck and his testimony excluded because Plaintiff did not comply with the disclosure schedule and because Plaintiff did not comply with Rule 26(a)(2)(B), which governs the substance of expert disclosure.

Under Rule 26(a)(2)(A), "a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." Fed. R. Civ. P. 26(a)(2)(A). Defendant argues that Plaintiff's expert witness was not disclosed by the date contemplated in the scheduling order: January 8, 2016. However, the expert was disclosed and the report sent before the close of expert discovery, albeit shortly before the close of expert discovery. Pursuant to Rule 37(c)(1), if "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Exclusion orders have been upheld where expert reports were not provided until just before the close of discovery. *Finwall v. City of Chicago*, 239 F.R.D. 494, 499 (N.D. Ill.), *objections overruled*, 239 F.R.D.

3

504 (N.D. Ill. 2006) (citing, *inter alia*, *Scaggs v. Consolidated Rail Corp.*, 6 F.3d 1290, 1295-96 (7th Cir. 1993) and *Smith v. Union Pacific R.R. Co.*, 168 F.R.D. 626, 629 (N.D. Ill. 1996)).

Plaintiff's late disclosure is not entirely justified. Plaintiff's counsel's error led to the failure to disclose the identity of the expert witness by January 8, 2016. However, Plaintiff did disclose an expert and provide an expert report. Plaintiff also acted quickly to procure a new expert witness once the original expert dropped out. While there is some prejudice to Defendant, Defendant's expert did include a rebuttal portion to Dr. Rawlings' report. Finally, there is no evidence of bad faith or willfulness in not disclosing the evidence at an earlier date. The failure to disclose the expert and provide an expert report was justified and largely harmless.

Defendant also argues that the expert report and accompanying materials are substantively insufficient. Under Rule 26(a)(2)(B):

> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). The report contains a statement of the opinions Dr. Rawlings will give and his basis and reasoning for them. To the extent that Plaintiff has not given Defendant a list of all other cases in which, during the previous four years, Dr. Rawlings testified as an expert at trial or by deposition or a statement of the compensation to be paid for the study and testimony in the case, Plaintiff must provide this material immediately.

4

Both Plaintiff and Defendant refer to *Daubert*, but neither discusses the standard for expert evidence in federal litigation. Under the Federal Rule of Evidence 702, trial courts must determine, as a precondition to admissibility, whether expert evidence rests on a reliable foundation and is relevant. *Manpower, Inc. v. Ins. Co. of Pennsylvania*, 732 F.3d 796, 806 (7th Cir. 2013). "Expert testimony is admissible when the testimony is reliable and would assist the trier of fact to understand the evidence or determine a fact at issue in a case." *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009) (citing Fed. R. Evid. 702; *Daubert v. Merrell Down Pharmaceuticals, Inc.*, 509 U.S. 579, 589-91 (1993)). The party seeking to introduce expert testimony bears the burden of demonstrating that the proposed testimony satisfies this standard by a preponderance of the evidence. *Id.* However, "the rule on expert testimony [is] notoriously liberal." *Krist v. Eli Lilly & Co.*, 897 F.2d 293, 298 (7th Cir. 1990).

Defendant argues that district courts have routinely found reliability lacking where experts offered only conclusory opinions, did not address whether other factors might have caused the plaintiff's injuries, and failed to state why or how he came to his conclusions. *Minisan v. Danek Med., Inc.*, 79 F. Supp. 2d 970, 976 (N.D. Ind. 1999) (citing *Valente v. Sofamor, S.N.C.*, 48 F.Supp.2d. 862 (E.D. Wis. 1999) (no competent evidence of causation where plaintiff's expert gave conclusory opinions, failed to identify a defect in the design or manufacture of the device and failed to perform differential diagnosis); *Cali v. Danek Medical, Inc.*, 24 F.Supp.2d 941 (W.D. Wis. 1998) (no evidence of causation where experts' testimony was not scientifically reliable); *Coleman v. Danek Medical, Inc.*, 43 F.Supp.2d 637, 650 (S.D. Miss. 1999) (no causation where expert offered only conclusory assertions, failed to identify causal nexus between Danek's product and harm to plaintiff);

*Driggers v. Sofamor, S.N.C.*, 44 F.Supp.2d 760, 765 (M.D. N.C. 1998) (no competent evidence of causation where expert failed to rule out other causes of plaintiff's pain)).

While Dr. Rawlings' report is less than comprehensive, it does address whether other factors might have caused Plaintiff's injuries and states why and how he came to his conclusions. Additionally, Defendant has many avenues through which to attack Dr. Rawlings' report and testimony. *See Davis v. Duran*, 277 F.R.D. 362, 366 (N.D. Ill. 2011) ("Vigorous cross-examination, presentation of contrary evidence and careful jury instructions, . . . , are the traditional and appropriate means of attacking shaky but admissible evidence.").

Plaintiff was less than fully compliant in following the rules. However, "the sanction selected must be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction." *Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 740 (7th Cir. 1998). Plaintiff's expert shall be allowed to testify but only about issues raised in the report provided, namely whether there is a design defect with the Orthofix LRS.

## CONCLUSION

Defendant's Motion to Strike the Preliminary Expert Report of Charles Rawlings and Bar his Testimony at Trial [44] is denied.

Date: October 6, 2016  /s/ JOHN W. DARRAH
United States District Court Judge