UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY BELLAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 14-cv-9623 |
| v. ) | |
| ) | Judge John W. Darrah |
| ORTHOFIX, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Timothy Bellas filed a Complaint against Defendant Orthofix, Inc. and others, in the Circuit Court of Cook County. Later, Plaintiff voluntarily dismissed his action against all defendants except Orthofix, Inc. Defendant then removed the action to federal court on the basis of diversity jurisdiction. The Complaint alleges negligence (Count IV); strict liability for manufacturing defects (Count V), design defects (Count VI), and failure to warn (Count VII); and breaches of express and implied warranties (Counts XII and IX), against Defendant based on the Orthofix LRS external fixator. Defendant filed a Motion for Summary Judgment [49]. Defendant does not specify on which counts that it is moving for summary judgment. However, the only arguments raised are based on product liability, and only Counts V-VII will be addressed. For the reasons set forth more fully below, Defendant's Motion for Summary Judgment [49] is granted in part and denied in part.

## LOCAL RULE 56.1

Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the party contends there is no genuine issue for trial." *Ammons v.*

*Aramark Uniform Servs.*, 368 F.3d 809, 817 (7th Cir. 2004). Local Rule 56.1(b)(3) requires the nonmoving party to admit or deny every factual statement proffered by the moving party and to concisely designate any material facts that establish a genuine dispute for trial. *See Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). A nonmovant's "mere disagreement with the movant's asserted facts is inadequate if made without reference to specific supporting material." *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). In the case of any disagreement, the nonmoving party must reference affidavits, parts of the record, and other materials that support his stance. Local Rule 56.1(b)(3)(B). To the extent that a response to a statement of material fact provides only extraneous or argumentative information, this response will not constitute a proper denial of the fact, and the fact is admitted. *See Graziano v. Vill. of Oak Park*, 401 F. Supp. 2d 918, 936 (N.D. Ill. 2005). Similarly, to the extent that a statement of fact contains a legal conclusion or otherwise unsupported statement, including a fact that relies upon inadmissible hearsay, such a fact is disregarded. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997). Pursuant to Local Rule 56.1(b)(3)(C), the nonmovant may submit additional statements of material facts that "require the denial of summary judgment."

A district court is entitled to expect strict compliance with Rule 56.1; substantial compliance is not enough. *Ammons*, 368 F.3d at 817. "When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion." *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 218 (7th Cir. 2015) (quoting *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009)).

# BACKGROUND

The following facts are taken from the parties' statements of undisputed material facts submitted in accordance with Local Rule 56.1[1].

At the time of filing, Plaintiff was a citizen of Illinois. (DSOF ¶ 3.) Defendant is a citizen of Minnesota and Texas. (*Id.* ¶ 4.) Plaintiff was born with a congenital defect and his right leg is approximately 3.5 centimeters shorter than his left leg. (*Id.* ¶ 20.) On March 22, 2010, Plaintiff underwent a right femur osteotomy and placement of the Orthofix LRS fixator on his right leg. (*Id.* ¶ 21.) The Orthofix LRS is capable of compressing or lengthening the bone, depending on how it is turned. (*Id.* ¶ 33.) Whether the device should be adjusted in a clockwise or counter-clockwise fashion depends on how the device is assembled by the physician when it is installed. (*Id.* ¶ 34.) Dr. Edward Abraham, who performed the surgery, affixed a piece of tape to the Orthofix LRS with an arrow indicating the correct direction for adjustments. (*Id.* ¶¶ 22, 37.)

During the post-surgery, follow-up appointment, Dr. Abraham taught Plaintiff and his mother how to adjust the Orthofix LRS. (*Id.* ¶ 22.) Plaintiff's mother performed the daily adjustments to the device and asked questions to confirm the prescribed direction of adjustment. (*Id.* ¶¶ 23-24.) Plaintiff's mother adjusted the Orthorix LRS every day for the two months following Plaintiff's initial surgery. (*Id.* ¶ 25.) At a May 28, 2010 follow-up appointment, an x-ray revealed that Plaintiff's femur had shortened rather than lengthened. (*Id.* ¶ 27.) Dr. Abraham determined that the Orthofix LRS device had been adjusted in the opposite direction of the one he had instructed. (*Id.* ¶ 28.) The tape showing the correct direction had not

---

[1] Plaintiff failed to admit or deny any factual statement proffered by the moving party and to concisely designate any material facts that establish a genuine dispute for trial, as required by Local Rule 56.1(b)(3). Therefore, all of Defendant's facts are deemed admitted for the purposes of this Motion.

fallen off, and the device was not defective. (*Id.* ¶¶ 38, 39.) Plaintiff underwent a remedial procedure on May 24, 2010, which involved adjusting the Orthofix LRS and manipulation of the osteotomy site. (*Id.* ¶ 29.)

Defendant distributes the Orthofix LRS but was not involved with the design, manufacture, or testing of the device. (*Id.* ¶¶ 31-32.)

## LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Courts deciding summary judgment motions must view facts "in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the initial burden of establishing that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this burden, "[t]he nonmoving party must point to specific facts showing that there is a genuine issue for trial." *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009). Factual disputes do "not preclude summary judgment when the dispute does not involve a material fact." *Burton v. Downey*, 805 F.3d 776, 783 (7th Cir. 2015). The evidence must be such "that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## ANALYSIS

Plaintiff brings three strict-liability counts based on products liability against Defendant. In Count V, Plaintiff alleges that the Orthofix LRS is defectively and improperly manufactured. In Count VI, Plaintiff alleges that the Orthofix LRS is defectively and improperly designed. In Count VII, Plaintiff alleges that Defendant failed to properly and adequately warn Plaintiff as to: the proper candidates and safest and most effective methods of use of the Orthofix LRS; the risks and benefits of the Orthofix LRS; the inadequate research and testing of the Orthofix LRS; the lack of a safe and effective procedure for the removal of the Orthofix LRS; and the safety, risks, and benefits of the Orthofix LRS.

"To recover in a product liability action under strict liability in Illinois, a plaintiff must plead and prove that the injury complained of resulted from a condition of the product, that the condition was unreasonably dangerous, and that it existed at the time the product left the manufacturer's control." *Dolin v. SmithKline Beecham Corp.*, 62 F. Supp. 3d 705, 721 (N.D. Ill. 2014) (citing *Mikolajczyk v. Ford Motor Co.*, 901 N.E.2d 329, 335 (Ill. 2008)). A product may be found defective by virtue of a manufacturing defect, a design defect, or an inadequate warning. *Id*. It is undisputed that Defendant did not manufacture or design the Orthofix LRS. (DSOF, ¶ 32.) However, in Illinois, strict liability may be found against any entity in the distribution chain, "including suppliers, distributors, wholesalers and retailers." *Hammond v. N. Am. Asbestos Corp.*, 454 N.E.2d 210, 216 (Ill. 1983).

### *Manufacturing Defect*

A manufacturing defect occurs when one unit of a product is defective. *Salerno v. Innovative Surveillance Tech., Inc.*, 932 N.E.2d 101, 108 (Ill. App. Ct. 2010). Plaintiff has presented no facts to show that the Orthofix LRS unit placed on his leg had a manufacturing

5

defect. Plaintiff's expert opined that there might have been a manufacturing defect but did not base this on any observation of the unit. Dr. Abraham's uncontradicted testimony is that there was no defect with this particular Orthofix LRS unit. (DSOF, ¶ 39.) Plaintiff argues that whether the bolt and distal clamp failed is a question of material fact, citing the deposition of Dr. Abraham.[2] However, Dr. Abraham never stated that any part failed or was defective. Plaintiff has not presented any competent evidence that the Orthofix LRS unit had a manufacturing defect. Defendant's Motion for Summary Judgment is granted as to Count V.

*Design Defect*

Under Illinois law, a consumer may prove a design defect by either the consumer-expectations test or the risk-utility test. *Baley v. Fed. Signal Corp.*, 2012 IL App (1st) 093312, ¶ 62, 982 N.E.2d 776, 791 (Ill. App. Ct. 2012). Under the consumer-expectations test, a product is unreasonably dangerous if it is dangerous to an extent beyond that which would be contemplated by the ordinary consumer. *Id.* at 790.[3] Under the risk-utility test, the plaintiff must demonstrate that the magnitude of the danger outweighs the utility of the product as designed. *Calles v. Scripto-Tokai Corp.*, 864 N.E.2d 249, 257 (Ill. 2007). Several factors must be considered in balancing the risk against the utility of a product, including:

> (1) the availability and feasibility of alternate designs at the time of the product's manufacture; (2) that the design used did not conform to the design standards in the industry, design guidelines provided by an authoritative voluntary organization, or design criteria set by legislation or governmental regulation;

---

[2] In support, Plaintiff cites to the deposition of Dr. Abraham generally, as Exhibit D to Plaintiff's response. Exhibit D to Plaintiff's response is the deposition of Kevin Bellas, and Dr. Abraham's deposition is not attached to Plaintiff's response as an exhibit. "It is not the duty of the court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which he relies." *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008).

[3] The utility of the consumer-expectations test has been questioned in design-defect cases "because it became apparent that consumers might not be aware of what to expect regarding the safety of certain products." *Calles*, 864 N.E.2d at 255.

(3) the utility of the product to the user and to the public as a whole; (4) the safety aspects of the product, including the likelihood that it will cause injury and the probable seriousness of the injury; and (5) the manufacturer's ability to eliminate the unsafe character of the product without impairing its usefulness or making it too expensive to maintain its utility.

*Baley*, 982 N.E.2d at 791 (citing *Jablonski v. Ford Motor Co.*, 2011 IL 110096, ¶ 85, 955 N.E.2d 1138, 1154 (Ill. 2011) and *Calles*, 864 N.E.2d 260-62.)

Defendant argues that expert opinion is required for design-defect cases and that Dr. Rawlings' opinions and report should be excluded. As discussed in the ruling on Defendant's Motion to Strike, Dr. Rawlings' opinions and report are not excluded as to his design-defect opinions. Defendant also argues that Dr. Rawlings did not perform an engineering analysis or test any alternative design or look at the current design of the Orthofix LRS. These arguments go to the weight of testimony, not the admissibility.

Defendant's Motion for Summary Judgment is denied as to Count VI.

*Failure to Warn*

The manufacturer of a prescription medical device has a duty to warn health professionals who may prescribe the device of the product's known dangerous propensities. *Kirk v. Michael Reese Hospital & Medical Center*, 513 N.E.2d 387, 391-92 (1987). In turn, medical professionals have a duty to convey the warnings to their patients. *Id* at 393. The duty to warn the medical professional, instead of the patient, is an example of the "learned intermediary" doctrine. *Hansen v. Baxter Healthcare Corp.*, 764 N.E.2d 35, 42 (Ill. 2002). Plaintiff has presented no facts to show that the manufacturer of the Orthofix LRS device failed to warn Dr. Abraham of any risks associated with the device or that Dr. Abraham failed to inform Plaintiff of any risks.

Defendant's Motion for Summary Judgment is granted as to Count VII.

## CONCLUSION

Defendant's Motion for Summary Judgment [49] is granted in part and denied in part. Defendant's Motion for Summary Judgment [49] is granted as to Counts V and VII. Defendant's Motion for Summary Judgment [49] is denied as to Count VI. Judgment is entered for Defendant on Counts V and VII.

Date:     October 6, 2016          /s/ _____
                                   JOHN W. DARRAH
                                   United States District Court Judge