UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TIMOTHY BELLAS,                          )
                                         )
                 Plaintiff,              )   Case No. 14-cv-9623
          v.                             )
                                         )   Judge John W. Darrah
ORTHOFIX, INC.,                          )
                                         )
                 Defendant.              )

## MEMORANDUM OPINION AND ORDER

Plaintiff Timothy Bellas filed a Complaint against Defendant Orthofix, Inc.

("Defendant") and others, in the Circuit Court of Cook County. The Complaint was removed to

federal court. Defendant filed a Motion for Summary Judgment, which was granted in part and

denied in part. Defendant has now filed a Motion to Reconsider [80]. For the reasons discussed

below, Defendant's Motion to Reconsider [80] is granted in part and denied in part.

## BACKGROUND

Plaintiff was born with a congenital defec,t and his right leg is approximately 3.5

centimeters shorter than his left leg. On March 22, 2010, Plaintiff underwent a right femur

osteotomy and placement of the Orthofix LRS fixator on his right leg. The Orthofix LRS is

capable of compressing or lengthening the bone, depending on how it is turned. Whether the

device should be adjusted in a clockwise or counter-clockwise fashion depends on how the

device is assembled by the physician when it is installed. Dr. Edward Abraham, who performed

the surgery, affixed a piece of tape to the Orthofix LRS with an arrow indicating the correct

direction for adjustments.

At a May 28, 2010 follow-up appointment, an x-ray revealed that Plaintiff's femur had

shortened rather than lengthened. Dr. Abraham determined that the Orthofix LRS device had

been adjusted in the opposite direction of the one he had instructed. The tape showing the correct direction had not fallen off, and the device was not defective. Plaintiff underwent a remedial procedure on May 24, 2010, which involved adjusting the Orthofix LRS and manipulation of the osteotomy site. Defendant distributes the device but was not involved with the design, manufacture, or testing of the device.

**LEGAL STANDARD**

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). A manifest error "is not demonstrated by the disappointment of the losing party"; it is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks omitted).

**ANALYSIS**

*Remaining Claims*

Defendant argues that the Court misapprehended the scope of their Motion for Summary Judgment and that it moved for summary judgment on all counts against it. The Complaint alleges negligence (Count IV); strict liability for manufacturing defects (Count V), design defects (Count VI), and failure to warn (Count VII); and breaches of express and implied warranties (Counts VIII and IX), against Defendant based on the Orthofix LRS external fixator. The Memorandum Opinion and Order granted summary judgment in favor of Defendant for strict liability for manufacturing defects, Count V, and the failure to warn Count VII, but denied summary judgment for strict liability for design, Count VI.

While Defendant asked for summary judgment on all claims, it did not provide any specific argument for granting summary judgment on the negligence and warranty claims. Defendant argued that Plaintiff could not make out a *prima facie* case that the Orthofix LRS had a defective and unreasonably dangerous condition that existed at the time the product left the manufacturer's control and proximately caused the injuries. To the extent that the negligence claim is based on allegations of a manufacturing defect, as stated in the Memorandum Opinion and Order, Plaintiff has not presented any competent evidence that the Orthofix LRS unit had a manufacturing defect. To the extent that the negligence claim is based on a failure to warn, as stated in the Memorandum Opinion and Order, Plaintiff has presented no facts to show that the manufacturer of the Orthofix LRS device failed to warn Dr. Abraham of any risks associated with the device or that Dr. Abraham failed to inform Plaintiff of any risks. However, to the extent that the negligence claim is based on manufacturing defects or a failure to warn, summary judgment is granted as to Count IV.

Defendant still fails to address the implied and express warranty counts. *See Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir.1995) ("[A court] is not required to scour the party's various submissions to piece together appropriate arguments. A court need not make the lawyer's case"). However, to the extent that a breach of express or implied warranty claim is based on manufacturing defects or a failure to warn, summary judgment is granted as to Counts VIII and IX.

*Dr. Rawlings*

Defendant also argues that the Court erred in considering the report and resume of Plaintiff's expert, Dr. Charles A. Rawlings, when ruling on the motion for summary judgment.

Defendant's argument is based on a portion of the Federal Rule of Civil Procedure 56 that is no longer included in the rule. At one time, Federal Rule of Civil Procedure 56(e) stated, in part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

*See Howmedica Osteonics Corp. v. Tranquil Prospects, Ltd.*, 482 F. Supp. 2d 1045, 1057 (N.D. Ind. 2007), *aff'd*, 260 F. App'x 297 (Fed. Cir. 2008). That language was removed in the 2010 Amendments to the rule.[1] The current version of the rule has similar but not identical language: "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

Under the current rule, "[a] party may object that the material cited to support or dispute a fact *cannot be presented in a form that would be admissible in evidence*." Fed. R. Civ. P. 56(c)(2) (emphasis added). "The evidence need not be admissible in form, but must be admissible in content." *Wheatley v. Factory Card & Party Outlet*, 826 F.3d 412, 420 (7th Cir. 2016). Further, "courts have wide discretion in deciding whether to admit expert testimony as part of summary judgment." *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 704-05 (7th Cir. 2009). Defendant does not argue that the facts in Rawlings' expert report or resume would not be admissible. Additionally, Plaintiff's expert has since submitted an affidavit for his resume

---

[1] "The requirement that a sworn or certified copy of a paper referred to in an affidavit or declaration be attached to the affidavit or declaration is omitted as unnecessary given the requirement in subdivision (c)(1)(A) that a statement or dispute of fact be supported by materials in the record." Fed. R. Civ. P. 56 2010 Amendment advisory committee's note.

and report.  (Dkt. 97, Exh. B.)   Defendant has not shown that Rawlings' report and resume

cannot be presented in a form that would be admissible in evidence.

## CONCLUSION

Defendant's Motion to Reconsider [80] is granted in part and denied in part.  Defendant's

Motion is granted to the extent that Plaintiff's negligence claim, breach of implied warranty

claim, and breach of express warranty claim, are based on manufacturing defects or a failure to

warn.  Defendant's Motion is denied in that the Court properly considered Rawlings' resume and

report.

Date:  _____February 15, 2017_____     /s/ _____

JOHN W. DARRAH
United States District Court Judge