UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| TIMOTHY BELLAS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Case No. 14-cv-9623 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| ORTHOFIX, INC., | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Timothy Bellas filed a Complaint against Defendant Orthofix, Inc. ("Defendant") and others, in the Circuit Court of Cook County. Defendant then removed the action to federal court on the basis of diversity jurisdiction. The Complaint alleges negligence; strict liability for manufacturing defects, design defects, and failure to warn; and breaches of express and implied warranties against Defendant based on the Orthofix LRS external fixator. Plaintiff retained Dr. Charles A. Rawlings as his proposed expert on the medical device at issue. Defendant filed a Motion to Bar Plaintiff's Proposed Expert Charles Rawlings [84] pursuant to Federal Rule of Evidence 702. For the reasons set forth below, Defendant's Motion [84] is denied.

## BACKGROUND

Plaintiff was born with a congenital defect, and his right leg is approximately 3.5 centimeters shorter than his left leg. On March 22, 2010, Plaintiff underwent a right femur osteotomy and placement of the Orthofix LRS fixator on his right leg. The Orthofix LRS is capable of compressing or lengthening the bone, depending on how it is turned. Whether the device should be adjusted in a clockwise or counter-clockwise fashion depends on how the

device is assembled by the physician when it is installed. Dr. Edward Abraham, who performed the surgery, affixed a piece of tape to the Orthofix LRS with an arrow indicating the correct direction for adjustments.

At a May 28, 2010 follow-up appointment, an x-ray revealed that Plaintiff's femur had shortened rather than lengthened. Dr. Abraham determined that the Orthofix LRS device had been adjusted in the opposite direction of the one he had instructed. The tape showing the correct direction had not fallen off, and the device was not defective. Plaintiff underwent a remedial procedure on May 24, 2010, which involved adjusting the Orthofix LRS and manipulation of the osteotomy site. Defendant distributes the Orthofix LRS but was not involved with the design, manufacture, or testing of the device.

## LEGAL STANDARD

Under the Federal Rule of Evidence 702, trial courts must determine, as a precondition to admissibility, whether expert evidence rests on a reliable foundation and is relevant. *Manpower, Inc. v. Ins. Co. of Pennsylvania*, 732 F.3d 796, 806 (7th Cir. 2013). "Expert testimony is admissible when the testimony is reliable and would assist the trier of fact to understand the evidence or determine a fact at issue in a case." *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009) (citing Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589-91 (1993)). The party seeking to introduce expert testimony bears the burden of demonstrating that the proposed testimony satisfies this standard by a preponderance of the evidence. *Id.* The rule on expert testimony is liberal, and doubts about the usefulness of an expert's testimony are generally resolved in favor of admissibility. *Davis v. Duran*, 277 F.R.D. 362, 366 (N.D. Ill. 2011) (citing *Krist v. Eli Lilly & Co.*, 897 F.2d 293, 298 (7th Cir. 1990); *United States v. Finch*, 630 F.3d 1057, 1062 (8th Cir. 2011)).

# ANALYSIS

Rule 702 of the Federal Rules of Evidence, which governs the admissibility of expert testimony, states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The inquiry under Rule 702 involves a "three-step analysis," which asks "whether the witness is qualified; whether the expert's methodology is scientifically reliable; and whether the testimony will 'assist the trier of fact to understand the evidence or to determine a fact in issue.'" *Myers v. Illinois Central R.R. Co.*, 629 F.3d 639, 644 (7th Cir. 2010) (quoting *Ervin v. Johnson & Johnson*, 492 F.3d 901, 904 (7th Cir. 2007)).

Defendant challenges Rawlings' expert opinion on two grounds: (1) Rawlings is not an expert on limb-lengthening medical devices, and (2) Rawlings' proposed opinions and testimony are not reliable.

*Specialized Knowledge*

Defendant argues that Rawlings lacks relevant, specialized knowledge because he does not have experience with limb-lengthening devices. However, *Daubert* does not necessarily require that the expert be a specialist in the subject matter on which they give their opinion. *See Hall v. Flannery*, 840 F.3d 922, 929 (7th Cir. 2016) (citing *Gaydar v. Sociedad Instituto Gineco-Quirurgico y Planificacion Familiar*, 345 F.3d 15, 24-25 (1st Cir. 2003) ("The proffered expert physician need not be a specialist in a particular medical discipline to render expert testimony relating to that discipline.")). Rather, the question is whether an expert witness has the

3

qualifications that "provide a foundation for [him] to answer a specific question." *Gayton v. McCoy*, 593 F.3d 610, 617 (7th Cir. 2010) (quoting *Berry v. City of Detroit*, 25 F.3d 1342, 1351 (6th Cir. 1994)).

Rawlings has advanced degrees in both physiology and engineering, was a professor teaching senior and graduate courses in biomedical instrumentation, and researched biomedical engineering. Rawlings' background in physiology and engineering provides a foundation to answer the question on whether there was a design defect in the medical device at issue. Any argument that Rawlings is not an expert in the specific subspecialty of limb-lengthening devices goes to the weight of Rawlings' testimony, not its admissibility. *Hall*, 840 F.3d at 929 ("The fact that an expert may not be a specialist in the field that concerns her opinion typically goes to the weight to be placed on that opinion, not its admissibility.").

*Reliability*

Defendant also argues that Rawlings' proposed testimony and opinions are not sufficiently reliable.

First, Defendant argues that Rawlings has no basis to state, or to imply, that the Orthofix LRS's designers did not consider "human factors" such as whether someone with no medical training would exercise control over the device. Defendant is correct. There is nothing in the information considered by Rawlings demonstrating that the Orthofix LRS's design failed to consider "human factors." Therefore, absent a sufficient basis for such an opinion, Rawlings may not render an opinion in this regard.

Defendant also argues that Rawlings' report ignores Dr. Abraham's testimony that a limb-lengthening device must be able to move in both directions. However, Rawlings' report does not say that a proposed ratchet alternative would be limited to only one direction. The

proposed alternative would be limited to one direction at home, but could be released by medical personnel using a specialized tool to allow for adjustments in the opposite direction. Whether Rawlings fully examined all of the factors that go into the feasibility of such a design goes to the weight of his testimony, not the admissibility.

Finally, Defendant argues that Rawlings does not state what the standard of care is. Under Illinois law, strict liability for design defects may be proven in two ways: "(1) by introducing evidence that the product failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner or (2) by introducing evidence that the product's design proximately caused his injury and the defendant fails to prove that on balance the benefits of the challenged design outweigh the risk of danger inherent in such designs." *Lamkin v. Towner*, 563 N.E.2d 449, 457 (1990). Rawlings' proposed opinion and testimony speaks to the risk-utility test, and the report does not contain any factors on the expectations of an ordinary consumer.

Rawlings' proposed opinions and testimony are sufficiently reliable under *Daubert* and Rule 702.

## CONCLUSION

Defendant's Motion to Bar Plaintiff's Proposed Expert Charles Rawlings [84] pursuant to Federal Rule of Evidence 702 is denied.

Date:     February 15, 2017     /s/ *[signature]*
                                                       JOHN W. DARRAH
                                                       United States District Court Judge